**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000524
25-MAR-2026
08:51 AM
Dkt. 49 SO**

NO. CAAP-25-0000524

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

In the Matter of the Tax Appeal of NICHOLAS KEITH VREUGDENHIL
and YUMIKO NAKAYAMA,[1] Appellants-Appellants

---

[1] The additional Appellants-Appellants in this consolidated appeal are as follows:  DONALD JAMES MACALLISTER and EDITH LOUISE MACALLISTER, 1CTX-24-0000240; ROBERT G. RINNINSLAND and RHONDA C. RINNINSLAND, Trustees of the Robert G. and Rhonda C. Rinninsland Trust Dated March 27, 2018, 1CTX-24-0000241; JONATHAN STRUMPF and LINDA STRUMPF, 1CTX-24-0000242; SUSAN PATRICIA MARTIN a.k.a SUSAN PATRICIA SWAN, 1CTX-24-0000244; ROBERT DOUGLAS IRVIN, 1CTX-24-0000246; 2607 HOLDINGS LTD., 1CTX-24-0000250; ALLEN FRANKLIN HODGE and KRISTEN LEE HODGE, 1CTX-24-0000251; NORMAN BRUCE and ELISABETH BEERS SANDLER, Trustees of the Sandler Revocable Trust Dated October 13, 1994, 1CTX-24-0000255; ROBERT GREAVES ALLISON and DEBRA MARIE ALLISON, 1CTX-24-0000256; HAROLD RICHARD HEGLAND and PATRICIA SUZUYE HEGLAND, 1CTX-24-0000259; AMY HARTMAN, Trustee of the A. Hartman Family Trust Dated May 24, 2021 May 24, 2021, 1CTX-24-0000260; 1031086 B C LTD., 1CTX-24-0000274; JACQUELINE LOUISE JONES and BRUCE MICHAEL JONES, 1CTX-24-0000320; VALDELICE DIAS MILLER, 1CTX-24-0000321; MAUI MONTANA LLC, 1CTX-24-0000322; MARC S. BROWNING, Trustee of the Marc S. Browning Exempt Trust UA Dated 12/19/2012, 1CTX-24-0000323; ROBERT R. KLINGMAN and KIMBERLY K. KLINGMAN, Trustees of the Rob and Kim Klingman Living Trust Dated April 16, 2018, 1CTX-24-0000324; LORI ANN OLIVER, Trustee of the Oliver Family Trust (2013), Dated March 27, 2013, 1CTX-24-0000325; LAWRENCE DONALD MASON, SVEA JOY MASON and PARKER CRAIG MASON, 1CTX-24-0000326; RICKARD JOHN CAROVANO and KATHLEEN MARGARET CAROVANO, Trustees of the Carovano Estate Planning Trust Dated March 23, 2010, 1CTX-24-0000327; HELEN ELIZABETH KOLOZETTI, 1CTX-24-0000328; PSALMS OF WAILEA LLC, a Hawaii Limited Liability Company, 1CTX-24-0000332; THOMAS MONTINE and KATHLEEN S. MONTINE, Trustees of the Montine Family Trust Dated October 31, 2018, 1CTX-24-0000333; JOHN VICTOR WARK and ANNETTE SCHROEDER, 1CTX-24-0000335; RAYMOND JOSEPH MARSHALL and AUDREY WALLEY MARSHALL, 1CTX-24-0000336; LINDA ANNE WEIGL, 1CTX-24-0000337; LAWRENCE JAY BRISKIN and ROBERTA BRISKIN, 1CTX-24-0000349; THOMAS B. KELLY

APPEAL FROM THE TAX APPEAL COURT
(CASE NOS. 1CTX-24-0000239
(Consolidated with 1CTX-24-0000240; 1CTX-24-0000241;
1CTX-24-0000242; 1CTX-24-0000244; 1CTX-24-0000246;
1CTX-24-0000250; 1CTX-24-0000251; 1CTX-24-0000255;
1CTX-24-0000256; 1CTX-24-0000259; 1CTX-24-0000260;
1CTX-24-0000274; 1CTX-24-0000320; 1CTX-24-0000321;
1CTX-24-0000322; 1CTX-24-0000323; 1CTX-24-0000324;
1CTX-24-0000325; 1CTX-24-0000326; 1CTX-24-0000327;
1CTX-24-0000328; 1CTX-24-0000332; 1CTX-24-0000333;
1CTX-24-0000335; 1CTX-24-0000336; 1CTX-24-0000337;
1CTX-24-0000349; 1CTX-24-0000350; 1CTX-24-0000351;
1CTX-24-0000352; 1CTX-24-0000356; 1CTX-24-0000357;
1CTX-24-0000358; 1CTX-24-0000359; 1CTX-24-0000360;
1CTX-24-0000361; 1CTX-24-0000362; 1CTX-24-0000381;
1CTX-24-0000382; 1CTX-24-0000383; 1CTX-24-0000384;
1CTX-24-0000385; 1CTX-24-0000388; 1CTX-24-0000389;
1CTX-24-0000390; 1CTX-24-0000391; and 1CTX-24-0000226))

---

and DEBORAH E. KELLY, Trustees of the Kelly Family Trust Under an Unrecorded Trust Instrument, Dated June 8, 1994, as Amended and Restated, 1CTX-24-0000350; ROBERT MURRAY SAMELS, MARIE THERESE VERMETTE, ELLIOTT PERRY WEISS and MAUREEN ANN BULGER, 1CTX-24-0000351; WILLIAM T. CHATHAM and GWENDOLYN D. CHATHAM, Trustees of the William and Gwendolyn Chatham Trust Dated, 1CTX-24-0000352; DANIEL RAY CHEN and CHRISTINE CHI LI CHEN, 1CTX-24-0000356; VERNON JACKSON KIMBALL and WENDY MONICA RYAN, 1CTX-24-0000357; WILLIAM SCOTT MCNARY and JUDITH DICKINSON MCNARY, Trustees of the William S. McNary Hawaiian Property Trust Dated October 3, 2017 and the Judith D. McNary Hawaiian Property Trust Dated October 3, 2017, 1CTX-24-0000358; CARL W. NEWMAN and SUSAN G. NEWMAN, Trustees of the SLAC Real Property Trust, Dated July 12, 2018, 1CTX-24-0000359; MICHAEL C. WAX and SUSAN E. WAX, Trustees of the Wax Family Revocable Living Trust Dated April 15, 2016, 1CTX-24-0000360; C. JOSEPH WELTER and AMY JO WELTER-REINOSO, Co-Trustees of the Doris M. Welter Testamentary Family Trust, as Amended, 1CTX-24-0000361; KARL LANCE ASCHENBACH and GEORGIANA FERREE ASCHENBACH, Trustees of the 2012 Aschenbach Revocable Trust, Dated October 2, 2012, 1CTX-24-0000362; ALEXANDER WALTER MCINTOSH and VALERIE ANN MCINTOSH, 1CTX-24-0000381; RON WILCOXEN HARRIS and RENEE WILCOXEN HARRIS, 1CTX-24-0000382; VCWG HOLDINGS LLC, a Washington Limited Liability Company, 1CTX-24-0000383; NEIL ANTHONY FRITZ and BETTY JANE FRITZ, 1CTX-24-0000384; DOREEN M. GOSCILA, Trustee of the Doreen M. Goscila Survivors Trust Created under the Leonard D. and Doreen M. Goscila 1999 Revocable Trust Dated September 29, 1999, as Amended, 1CTX-24-0000385; SANDRA ANNE DRANSFIELD and DAVID JOSEPH MOUSSEAU, 1CTX-24-0000388; ALISON MARIE KERR, Trustee of the Alison Marie Kerr Trust Established April 3, 2015, 1CTX-24-0000389; STUART GORDON MARSHALL and THERESA MARIE ARSENAULT, 1CTX-24-0000390; EVAN A. RAY and LINDA S. THIEDKE, Co-Trustees of the Evan A. Ray and Linda S. Thiedke Trust Dated November 9, 2001, 1CTX-24-0000391; and MARK WILLIAM BARON, 1CTX-24-0000226.

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and McCullen, JJ.)

This consolidated tax appeal involves a challenge brought by Maui condominium unit owners to a change in the county's real property tax classification of their units, from the lower tax rate for an "Apartment" classification, to a higher tax rate for a "Non-owner-occupied" classification. We affirm.

Appellants-Appellants Nicholas Keith Vreugdenhil and Yumiko Nakayama and eighty-one other owners of condominium units at Wailea Palms (collectively, **Appellants**) appeal from the "Order Denying [Appellants'] Motion for Summary Judgment," "Order Granting Appellee County of Maui's [(**County**)] Cross-Motion for Summary Judgment," and "Final Judgment," all filed and entered on June 24, 2025 by the Tax Appeal Court.[2]

On appeal, Appellants contend the Tax Appeal Court erred when it **(1)** denied Appellants' motion for summary judgment "by ruling that Appellants' units should not be classified as Apartment"; and **(2)** granted the County's cross-motion for summary judgment "by ruling that Appellants' units should be classified as Non-Owner Occupied."

Upon review of the record on appeal[3] and relevant legal authorities, giving due consideration to the issues raised and

---

[2]     The Honorable Kevin T. Morikone presided.

[3]     Appellants requested the transcript of the May 19, 2025 summary judgment hearing but no transcript was filed. Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 10. Appellants also did not file a certificate stating that they deemed it unnecessary to have transcripts prepared, as required by HRAP Rule 10(b)(2). It appears, however, that this appeal may be resolved without the transcript, because the Appellants appeal from written summary judgment orders, and the parties do not refer to any statements or ruling made at the hearing.

arguments advanced by the parties, we resolve this appeal as follows.

Wailea Palms is a condominium property regime located in Kīhei, Maui, and is comprised of fifteen separate two-story buildings, each consisting of eight individual condominium units. Prior to the passage of 2019 and 2020 ordinances pertinent to the issues raised in this appeal, Wailea Palms units were classified as "Apartment" for county real property taxation purposes. Under the previous "Apartment" classification, Appellants claim that they were taxed at the $3.50 per $1,000 fair market value (**fmv**) tax rate prior to tax year 2020-2021. The 2019 and 2020 ordinances amended the real property tax classifications in MCC § 3.48.305 (quoted infra), by adding two new classes of "Owner-occupied" and "Non-owner-occupied," which resulted in Appellants' units falling into the new "Non-owner-occupied" class. Under the "Non-owner-occupied" classification, Appellants claimed they were taxed at a higher rate of $5.85-$12.50 per $1,000 fmv, beginning in tax year 2020-2021.

Between August and December 2024, Appellants individually filed forty-seven appeals before the Tax Appeal Court, alleging that "based on Ordinance 5160" (which was passed in 2020 and effective December 5, 2020), the County "erroneously classified" Appellants' Wailea Palms units "as Non-Owner Occupied . . . instead of 'Apartment,'" resulting in the imposition of a "substantially higher" tax rate "beginning in tax year 2020-2021." The individual appeals were consolidated.

On February 25, 2025, Appellants filed a motion for summary judgment, arguing that their units should have remained classified as "Apartment" because MCC § 3.48.305(B)(3) (2024) provides that:

4

> Multi-dwelling-unit improvements containing five or more dwellings that would not be classified "TVR-STRH" must be classified as "apartment".

On April 29, 2025, the County filed a cross-motion for summary judgment, arguing that MCC § 3.48.305(B)(3) was inapplicable because Appellants' units are not "multi-dwelling unit improvements," and that Appellants' units were properly classified as "Non-owner-occupied" under MCC § 3.48.305(B)(2) (2024), which provides that:

> Real property improved with a dwelling that would not be classified as "owner-occupied", "hotel and resort", "time share", "TVR-STRH", "commercial", "industrial", "commercialized residential", or "long-term rental" must be classified as "non-owner-occupied".

Following a May 19, 2025 hearing on the motions, the Tax Appeal Court issued the June 24, 2025 orders and Final Judgment from which Appellants timely appealed.

We review summary judgment rulings de novo. W. Maui Resort Partners LP v. County of Maui, 154 Hawaiʻi 121, 131, 547 P.3d 454, 464 (2024). "When interpreting a municipal ordinance, we apply the same rules of construction that we apply to statutes. Statutory interpretation is a question of law reviewable de novo." Id. at 131-32, 547 P.3d at 464-65 (citation omitted). "[T]he fundamental starting point for statutory interpretation is the language of the statute itself. . . . [W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." Id. at 132, 547 P.3d at 465 (citation omitted).

MCC § 3.48.305, "Classification of real property," provides:

A. Except as otherwise provided in subsection B, real property must be classified, upon consideration of its highest and best use, into the following general classes:

    1. Owner-occupied.
    2. Non-owner-occupied.
    3. Apartment.
    4. Hotel and resort.
    5. Time share.
    6. TVR-STRH.[4]
    7. Agricultural.
    8. Conservation.
    9. Commercial.
    10. Industrial.
    11. Commercialized residential.
    12. Long-term rental.

B. In assigning land to one of the general classes, the director must give major consideration to: the districting established by the land use commission in accordance to chapter 205, Hawaiʻi Revised Statutes; the districting established by the County in its general plan and comprehensive zoning ordinance; use classifications established in the Hawaiʻi state plan; and other factors that influence highest and best use; except that:

    1. [(describing the "owner-occupied" classification)]

    2. Real property improved with a dwelling that would not be classified as "owner-occupied", "hotel and resort", "time share", "TVR-STRH", "commercial", "industrial", "commercialized residential", or "long-term rental", must be classified as "non-owner-occupied".

    3. Multi-dwelling-unit improvements containing five or more dwellings that would not be classified "TVR-STRH" must be classified "apartment".

    [(Nos. 4-7 describing the "commercialized residential," "time share," "TVR-STRH," and "hotel and resort" classifications, and Nos. 8-10 describing "long-term rental" classification)]

C. Dwelling units in the hotel district must be classified as "TVR-STRH" unless classified as "long-term rental", "commercialized residential", "apartment", or "owner-occupied".

---

    4    "TVR-STRH" means the classification of "real property that is used or can be used for transient vacation rentals or short-term rental homes." MCC § 3.48.005 (2024).

> D. Dwelling units located in the apartment district or in a planned development must be classified as "TVR-STRH" if transient vacation rentals are a permitted use unless classified as "long-term rental", "commercialized residential", "apartment", or "owner-occupied".

(Footnote and emphases added.)

Appellants advance two arguments to support their contention that "[u]nder the plain language of the MCC the units at the Wailea Palms should be classified as Apartment, **not** as NOO [(Non-owner-occupied)]." Appellants argue that "the buildings at Wailea Palms are multi-dwelling unit improvements" under MCC § 3.48.305(B)(3) (emphasis added); and that the "units at Wailea Palms CANNOT be used for transient vacation rentals" and thus must be classified as "Apartment" under MCC § 3.48.305(B)(3). Appellants claim that because their units are "contained within one of 15 larger multi-dwelling structure [sic] of 8 units each—well in excess of the five-dwelling minimum for a multi-dwelling unit[,]" they should be classified as "Apartment" under MCC § 3.48.305(B)(3). Appellants emphasize that their argument is not based on an attempt "to classify each separate condominium unit as a multi-dwelling structure[,]" or "to have the Wailea Palms units assessed collectively." Rather, Appellants contend that:

> there is a difference between how properties are classified—i.e., what category do the properties fall into—and how a property is assessed, which takes into account factors like location, size, and condition. In other words, while units within a single condominium building could be assessed very differently, they should not be classified differently.

Appellants rely on distinctions between property classification and assessment that are immaterial in determining the proper classification of their units. MCC Chapter 3.48, governing real property taxation, empowers the County director

of finance to assess real property for taxation purposes, see MCC § 3.48.010(A) (2024), and provides that "[r]eal property shall be assessed in its entirety to the owner thereof[.]" MCC § 3.48.150(A) (2024) (emphasis added). Under MCC § 3.48.305(B), the director assigns real property to one of the enumerated "general classes" under subsection (A) for real property tax assessment purposes. MCC § 3.48.561(A) (2024) provides for real property tax rate "tiers" based on the "[c]lassifications" "established in section 3.48.305." Thus, real property taxes are assessed "to the owner," based in the first instance on how the owner's real property is classified. Under MCC § 3.48.305, each owner's real property must be assigned to one of the twelve listed general classes for the purpose of determining the appropriate tax rate.

Here, the real property subject to taxation assessed "to the owner" under MCC Chapter 3.48 is each Appellant's individual Wailea Palms unit, not the building that contains eight individual units. Each Appellant's unit is clearly not a "[m]ulti-dwelling-unit improvement[] containing five or more dwellings" necessary for an "Apartment" classification under MCC § 3.48.305(B)(3). The "plain and obvious meaning" of "multi-dwelling-unit improvements" does not include each Appellant's individual dwelling unit. See W. Maui Resort Partners LP, 154 Hawaiʻi at 132, 547 P.3d at 465 (citation omitted).

MCC § 3.48.305(B)(2) provides that "[r]eal property improved with a dwelling that would not be classified as 'owner-occupied', 'hotel and resort', 'time share', 'TVR-STRH', 'commercial', 'industrial', 'commercialized residential', or 'long-term rental' must be classified as 'non-owner-occupied.'" Here, it is undisputed that each Appellant's unit is "real property improved with a dwelling" and that each unit is an

8

individual dwelling.  Thus, each Appellant's unit was appropriately classified as "non-owner-occupied" under MCC § 3.48.305(B)(2).

We conclude the Tax Appeal Court correctly ruled that Appellants' units were properly classified as "Non-owner-occupied" rather than "Apartment," and properly denied Appellants' motion for summary judgment and granted the County's cross-motion.  See W. Maui Resort Partners LP, 154 Hawaiʻi at 131, 547 P.3d at 464.

For the foregoing reasons, we affirm the Tax Appeal Court's June 24, 2025 "Order Denying [Appellants'] Motion for Summary Judgment," "Order Granting [County]'s Cross-Motion for Summary Judgment," and "Final Judgment."

DATED:  Honolulu, Hawaiʻi, March 25, 2026.

On the briefs:

Brett R. Tobin,
for Appellants-Appellants.

Brian A. Bilberry,
Corporation Counsel,
County of Maui,
for Appellee-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge